**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**JAMES L. MYERS, SR.**                                                                          **PLAINTIFF**

**vs.**                                                                         **CIVIL ACTION NO. 3:03CV1372 WS**

**CITY OF CANTON, MISSISSIPPI**                                                    **DEFENDANT**


**ORDER**

Before the court is defendant's Motion for Summary Judgment **[docket # 33]**

and a motion for leave to file excess pages **[docket # 43]**.  Defendant here, the City of

Canton, Mississippi, by its motion challenges all of plaintiff's claims and asks this court

to dismiss plaintiff's complaint in its entirety.  Plaintiff James L. Myers, Sr., [hereinafter

Myers] concedes in his response to the motion for summary judgment **[docket # 39]**

that his Due Process claims, brought under the Fifth[1] and Fourteenth Amendments[2] to

the United States Constitution, and his claims for intentional and/or negligent infliction

of emotional distress, are subject to dismissal.  Myers re-asserts his claims of racial

discrimination, retaliation, a violation of his First Amendment[3] right to freedom of

---

[1]U.S. Const., amend. V, provides in pertinent part that no person shall "be deprived of life, liberty, or property, without due process of law;"

[2]U.S. Const., amend. XIV, extends the due process protections of the Fifth Amendment to actions by State governments.

[3]U.S. Const., amend. I, provides in pertinent part that "Congress shall make no law . . . abridging the freedom of speech[.]"

speech, and a claim under Title 42 U.S.C. 1985(2).[4]

## BACKGROUND FACTS AND PROCEDURE

Myers was hired by defendant City of Canton, Mississippi [hereinafter Canton], as a police officer from on or about August 1, 1998, until his recommended termination on or about September 4, 2001.  Initially brought on as a patrol officer, he later was promoted to shift supervisor.  Milton Luckett was the Chief of Police.  Luckett's cousin, Nathaniel Walker, was a Captain with the Canton Police Department.  The two men served as Myers' supervisors until Luckett resigned and was replaced with current Police Chief Luke Gordon.

On May 7, 1999, while employed by the Canton police department, Myers gave an affidavit to the Equal Employment Opportunity Commission ("EEOC") in a sexual harassment lawsuit several female police officers had filed against the City of Canton and Chief Luckett.  Later that year, in December, 1999, Myers underwent back surgery.  Captain Walker classified Myers' absence from work during this hospitalization as insubordination and recommended Myers be suspended without pay.  Walker subsequently recommended that Myers be transferred to the night shift for "thirty to sixty days" as a punitive measure.  *See* Exh. 4, attached to Plaintiff's Response **[docket # 39]**.  Upon his transfer, Myers was promoted in title to Sergeant and shift supervisor, but contends that he was denied authority to discipline officers under him.  Myers depo, pp. 55-64, 74, 80.  Supposedly, two caucasian officers, Chris Corely and

---

[4]Title 42 U.S.C. 1985(2), in part, imposes liability if "two or more persons in any State" conspire to injure or otherwise deprive a "witness in any court of the United States" of that person's legal rights, for having testified.

Lee Drake, engaged in repeated acts of insubordination.  *Id.*  According to Myers, his requests that the two officers be disciplined were rarely honored, and then only by written reprimand.  *Id.* Myers asserts that similar acts of insubordination by black officers were subject to more severe disciplinary measures.  *Id.*  This "punitive" transfer is part of Myers' retaliation claim, and this alleged difference in discipline for  black and caucasian officers forms the basis for Myers' racial discrimination claim.

In May and June, 2001, two sexual harassment cases against Luckett and the City of Canton went to trial.  Myers testified for the plaintiffs in both trials, each of which resulted in substantial verdicts against the defendants.  On or about July 23, 2001, Myers allegedly injured his back while attempting to close and lock the city's cemetery gates.  He failed to close the gates, he says, for fear of further injury.  After Myers refused on August 25, 2001, to close the gates, Captain Walker sent him home and suspended him for insubordination.  Chief Gordon instructed Walker to write up a list of complaints against Myers.  Myers recommended suspension, but Chief Gordon then terminated Myers.  Myers contends that his termination was done in retaliation for the adverse testimony he had provided in the sexual harassment lawsuits.

## RELEVANT LAW AND ANALYSIS

### *Jurisdiction*

Myers brings his retaliation claim under federal law, claiming violations under Title 42 U.S.C. §§ 1981, 1983, and 1985(2).  Subject matter jurisdiction over these Constitutional claims in federal district court is proper under Title 42 U.S.C. § 1331,

federal question jurisdiction.[5]   Venue is proper in the Southern District of Mississippi, as

that is both where the parties reside and where the events alleged to form the basis of

this lawsuit transpired.

*Summary Judgment Standard*

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law."  *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399

(5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c)).  In ruling on a motion for summary

judgment, the court is not to make credibility determinations, weigh evidence, or draw

from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986);  rather, "it is the province of

the jury to access the probative value of the evidence."  *Dennett-Murray Corp. v. Bone*,

622 F.2d 887, 892 (5th Cir. 1980).  Facts that are irrelevant or unnecessary to a

decision are "non-material" and do not prevent summary judgment.  *Anderson*, 477

U.S. at 242;  *Phillips Oil Co. v. O.C. Corp.*, 812 F.2d 265 (5th Cir. 1987).

In response to a motion for summary judgment, the non-moving party is required

to respond with specific proof demonstrating a triable issue of fact as to each of the

elements required for establishment of the claim or claims asserted.  *Washington v.*

*Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir. 1988).  Summary judgment

is mandated in any case where a party fails to establish the existence of an element

---

[5]Title 28 U.S.C. 1331(a) provides the district court with original jurisdiction of any civil action that arises under the "Constitution, laws, or treaties of the United States."

essential to the case and on which the party has the burden of proof.  *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  Rule 56(c)

further requires that the court enter summary judgment if the evidence favoring the

non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving

party's favor.  *See Anderson,* 477 U.S. at 252;  *Exxon Corp. v. Burglin,* 4 F.3d 1294,

1297 (5th Cir. 1993).  Summary judgment is improper, however, where the court merely

believes it is unlikely that the non-moving party will prevail at trial.  *National Stream*

*Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962);  that said, the

court must resolve all reasonable doubts about the existence of a genuine issue of

material fact against the movant.  *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th

Cir. 1982).

*Title 42 U.S.C. § 1981:  Racial Discrimination*

It is "an unlawful employment practice" for an employer to discriminate against

an employee on the basis of race.  Title 42 U.S.C. § 2000e-2(a)(1).  To prevail in a §

1981[6] civil action on a racial discrimination claim, a plaintiff must show that he: (1)

belongs to a protected group; (2) was qualified for the position sought; (3) suffered an

adverse employment action;  and (4) was replaced by someone outside the protected

class.  *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996) (citing

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

The parties do not dispute that Myers, as an African American, is a member of a

---

[6]Title 42 U.S.C. § 1981provides "all persons within the jurisdiction of the United States" with the right to make contracts, give evidence, and otherwise enjoy the same "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ."

protected class, that he was qualified for his position, and that he suffered an adverse

employment action.  The fourth element, replacement by someone outside the

protected class, "is evidence of discriminatory intent, [but] is not essential to the

establishment of a *prima facie* case under Title VII."  *Williams v. Trader Publ. Co.*, 218

F.3d 481, 485 (5th Cir. 2000).  Myers may meet the fourth element by showing that he

"was treated less favorably than other[s] similarly situated *or* otherwise show that he

was subjected to adverse treatment due to his race."  *Smith v. Equitrac Corp.*, 88

F.Supp.2d 727, 733 (S.D. Tex. 2000).

Canton asserts that the Caucasian patrolmen Myers claims received favorable

treatment were subordinates and thus were not "similarly situated" and, further, that the

absence of any "similarly situated" employee forms a basis for summary judgment.

Def.'s Reply to Plaintiff's Response to Motion for Summary Judgment (*citing Perez v.

Tex. Dept. of Crim. J.*, 395 F.3d 206, 213 (5th Cir. 2004).

Myers responds that he and the other officers all worked as patrolmen on the

same shift and were subordinates of Captain Walker.  Myers discounts the significance

of his supervisory title, claiming he had no meaningful authority over other shift

members.  Furthermore, Myers points out that the case on which Canton relies for this

point, *Perez*, states that whether the plaintiff was similarly situated to employees to

whom he sought to compare himself is an issue for the jury.  *Perez*, 395 F.3d at 215.

This court finds *Perez* applicable here.  This claim features genuine issues of

material facts which must be resolved by a jury.

### *Title 42 U.S.C. § 1981:  Retaliation*

To prevail on a retaliation claim, a plaintiff must show that "(1) the employee engaged in activity protected by Title VII;  (2) the employer took adverse employment action against the employee;  and (3) a causal connection exists between the protected activity and the adverse employment action."  *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997).

Myers claims that his testimony in the two sexual harassment claims against Luckett was protected speech under the First Amendment.  In order to prevail under §1983 for a First Amendment claim of retaliation, he has the burden of showing: (1) he suffered an adverse employment action; (2) as a result of speech involving a matter of public concern; (3) his interest in speaking on the matter of public concern outweighed the defendants' interest in promoting efficiency; and, (4) the adverse action was motivated by the protected speech.  *Foley v. Univ. of Houston System*, 355 F.3d 333, 341 (5th Cir. 2003) (citation omitted).

An adverse employment action is one that is "an ultimate employment decision, such as hiring, granting leave, discharging, promoting, and compensating."  *Foley v. Univ. of Houston System*, 355 F.3d 333, 340 (5th Cir. 2003).  Action on administrative matters or departmental procedures do not rise to the level of a constitutional deprivation.  *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997).  Myers' employment was terminated, meeting this element.

Whether Myers' testimony is on a matter of public concern is a legal question. *Kennedy v. Tangipahoa Parish Library*, 224 F.3d 359, 366 (5th Cir. 2000).  In both sexual harassment cases, judgments were entered against Luckett.  "Speech which

discloses any evidence of corruption, impropriety, or other malfeasance on the part of [public] officials . . . concerns matters of public import." *Branton v. City of Dallas*, 272 F.3d 730, 739 (5th Cir. 2003).  As Chief of Police, Luckett was a public official. Testimony regarding his misconduct, occurring in his official role, is a matter of public concern.

Canton disputes a causal relationship between Myers' testimony and his termination.  Myers' trial testimony was given in May and June of 2001;  his termination took place on September 4, 2001, slightly more than two months later.  A similar time period of a few months between the protected activity and adverse employment action has been found sufficient to create a genuine issue of fact as to whether a causal connection exists.  *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005) (less than 60 days elapsed between the protected activity and adverse action, even though plaintiff did not obtain direct evidence of the link until later);  *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (four month time lapse sufficient to demonstrate a causal link for summary judgment purposes).  In addition to this time period between the plaintiff's trial testimony and his termination, plaintiff points to the family relationship between Walker and Luckett and other factors which bear on this matter.  These factors persuade this court to deny plaintiff's motion for summary judgment against this claim of retaliation.

### Title 42 U.S.C. § 1983:  First Amendment Violation

Myers' first amendment claim and retaliation claim are tied, since he claims the retaliation was in response to his testimony against Luckett in the sexual harassment

cases.[7]  In order to prevail under § 1983[8] on his First Amendment claim, Myers must show that (1) he testified on a matter of public concern; (2) his interest in the speech at issue outweighs the defendants' interest in promoting efficiency; (3) he was subject to an adverse employment action; and (4) a causal connection exists between the protected speech and the adverse employment action.  *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999), *cert. denied* 528 U.S. 1022.  As outlined in the retaliation claim above, Myers' testimony was protected speech on a matter of public concern, not in conflict with Canton's interest in departmental efficiency.  The termination is indisputably an adverse employment action.  As with the other claims, this court is persuaded that genuine issues of material facts exist to preclude a grant of summary judgment.

### *Title 42 U.S.C. § 1985(2)*

In order to prevail on his § 1985(2)[9] claim, Myers needs to show that defendants conspired "to injure [him] in his person or property on account of his having so attended or testified" in the sexual harassment proceedings, or "to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."  Title 42 U.S.C. § 1985(2).  All parties agree that Myers gave testimony favorable to the plaintiffs in two sexual harassment cases, and

[7]In Plaintiff's Reply [docket # 40], Myers reaffirms that "the evidence regarding his Title VII retaliation claim is also applicable to his First Amendment claim."

[8]Title 42 U.S.C. 1983 grants any United States citizen or person within United States jurisdiction the right to bring suit for injury caused by the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws, . . ."

[9]Title 42 U.S.C. § 1985(2) provides an action for a conspiracy to interfere with civil rights by "[o]bstructing justice; intimidating a party, witness, or juror."

that the cases resulted in verdicts against then-Chief Luckett.  Walker, a relative of

Luckett, recommended disciplinary action against plaintiff and made out a list of

grievances.  Gordon allegedly stated that Myers "had finally given him a reason to fire

him."  This discharge came shortly after plaintiff had given testimony adverse to Luckett.

Therefore, plaintiff may proceed on his civil conspiracy claim against Canton for the

actions of Walker, Gordon and/or former Chief Luckett.

## **CONCLUSION**

Finding genuine issues of material, disputed facts, this court denies defendant's

motion for summary judgment.

**SO ORDERED AND ADJUDGED,** this the 30th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:03cv1372WS
Order